UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. FRAZIER,

       Plaintiff,

v.                                             Case No. 11-cv-13172
                                           Honorable Nancy G. Edmunds

MICHIGAN DEPARTMENT
OF CORRECTIONS,

       Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a civil rights action filed by Kenneth A. Frazier ("Plaintiff"), a prisoner currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff filed this Complaint naming the Michigan Department of Corrections ("MDOC") and the Michigan Parole Board ("Parole Board") as Defendants. He alleges that the MDOC has violated his rights under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131 *et.seq.*, and his rights under the Fifth, Eighth, and Fourteenth Amendments. He also alleges that the Parole Board has discriminated against him by impeding with his parole eligibility rights. He seeks declaratory, injunctive, and monetary relief for the alleged violations.

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying those standards, Plaintiff's action will be dismissed because Defendants are immune from suit and Plaintiff fails to state a claim for relief.

On September 16, 2011, Plaintiff filed a "Motion for Appointment of Guardian Ad Litem," asking the Court to appoint a guardian to assist him in exhausting his administrative remedies with respect to the allegations in his Complaint.  Because the Court is dismissing the Complaint, Plaintiff's Motion will be denied as moot.  The Court, however, makes no determination as to any future claims against any other defendants.

## II.  DISCUSSION

### A.  Facts

Plaintiff states that the allegations outlined in his Complaint occurred while he was incarcerated at the Earnest C. Brooks Correctional Facility.  He claims that, on January 5, 2011, a Mental Health Case Management Plan was set forth where he was actively involved in therapeutic group sessions, had work assignments, and was misconduct free.  On January 10, 2011, he was interviewed by the Parole Board, where he informed the Parole Board that his bank-robbery offense was caused by an outstanding drug debt and that he turned himself over after committing the crime.  On January 24, 2011, the Parole Board informed Plaintiff "that further investigation was needed before reaching a decision in your case."  Plaintiff's Complaint, 3-a.  On February 15, 2011, Plaintiff was transferred

to the Gus Harrison Correctional Facility. On June 10, 2011, the Parole Board denied him parole.

### B. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court must determine whether Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, --- U.S. at ---,129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a " 'probability requirement,' [] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a) (2)); see also *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the *Twombly/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### C. Claim Against MDOC

Plaintiff may not maintain a civil rights action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, e.g., *McCoy v. Michigan*, 369 F.App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, 234 F.3d 1270, 2000 WL1679478, at *2 (6th Cir. 2000) (Table). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Therefore,

the Court dismisses the MDOC from this action.

### D. Claim Against Parole Board

Likewise, the Michigan Parole Board enjoys immunity from suit under the Eleventh Amendment. *Horton v. Martin*, 137 F.App'x. 773, 775 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments []." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

Furthermore, to the extent Plaintiff is challenging the denial of his parole, he is challenging the fact or duration of his confinement, and such allegations would be more appropriate in a habeas petition, following exhaustion of state remedies. It is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973). The Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005) (emphasis in original). *Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak*, 96 F.App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)).

The facts as alleged indicate that no state officials have invalidated the Michigan

Parole Board's decision not to release Plaintiff on parole. Nor does it appear that a federal court has reviewed and invalidated the Parole Board's decision. And because success in this action would demonstrate the invalidity of Plaintiff's continued confinement, his claims are not cognizable in this civil rights action.

Plaintiff's claims would lack merit even if they were cognizable in a civil rights complaint. He has not alleged any facts showing entitlement to relief under the Americans with Disabilities Act. He also has not shown how his rights under the Fifth Amendment were violated. His due process and Eighth Amendment claims lack merit because he has no constitutional right to release on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), and in Michigan "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11).

> That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. To that extent the general interest asserted here is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.

*Greenholtz*, 442 U.S. at 11 (citations omitted). Because Plaintiff has no liberty interest in parole, he has no basis for claiming a violation of due process, *Wagner v. Gilligan*, 609 F.2d 866, 867 (6th Cir. 1979) ( per curiam ), and the "[d]enial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment" under the Eighth Amendment. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).

### III.  CONCLUSION

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)

and 1915A(b), and 42 U.S.C. § 1997e(c), because Defendants MDOC and the Parole Board are immune from suit and because Plaintiff fails to state a claim for relief.

To the extent that Plaintiff's claims fall under the rubric of *Heck*, those claims are **DISMISSED WITHOUT PREJUDICE** until Plaintiff's criminal convictions have been invalidated. When a prisoner's civil-rights claims are barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his convictions or sentences are later invalidated. *See Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004).

**IT IS FURTHER ORDERED** that, Plaintiff's "Motion for Appointment of Guardian Ad Litem" [dkt. # 7] is **DENIED** as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). Because an appeal from this decision would be frivolous and could not be taken in good faith, Plaintiff may not proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      s/Nancy G. Edmunds  
      Nancy G. Edmunds  
      United States District Judge

Dated:  October 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2011, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager